738 So.2d 507 (1999)
R.L., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3420.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
R.L., a high school student, was called into the office of the assistant principal and searched. The marijuana thus discovered was the basis of this proceeding and the subject of the motion to suppress denied by the trial court and appealed to this court. We affirm.
The school resource officer, a deputy sheriff, was approached by a student who advised him that appellant was showing a bag of marijuana and trying to get *508 rid of it. The resource officer passed this information on to the assistant principal minutes later when he saw the official in the hallway. This was the "reasonable suspicion" relied on to justify the official's search of the student.
R.L. urges that since the deputy sheriff was involved in the incident, the standard for the search should be probable cause. We find the deputy's involvement to be minimal and that reasonable suspicion was the appropriate standard. See K.K. v. State, 717 So.2d 629 (Fla. 5th DCA 1998). Further, since a fellow student made the accusation in person, we find such allegation sufficient to raise reasonable suspicion and justified the search. The fact that the allegation was first made to the resource officer who passed the information on to the school official does not, in our view, require a finding that the official "acted at the behest of law enforcement." The school official took action on the allegation of a student passing on information that could be reasonably assumed to be within that student's personal knowledge and acted appropriately.
AFFIRMED.
ANTOON, C.J., and PETERSON, J., concur.